**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BOGARD CONSTRUCTION INC., ET AL. | * | |
| Movants, | * | |
| v. | * | Civil Action No. 8:21-cv-03005-PX |
| OIL PRICE INFORMATION SERVICE, LLC. | * | |
| | * | |
| Respondent. | * | |
| | | |
| SK ENERGY AMERICAS, INC., ET AL. | * | |
| Movants, | * | |
| v. | * | Civil Action No. 8:21-cv-03193-PX |
| OIL PRICE INFORMATION SERVICE, LLC. | * | |
| | * | |
| Respondent. | * | |
| | *** | |

**<u>MEMORANDUM OPINION</u>**

This consolidated matter is before the Court on a contested subpoena issued by the United States District Court for the Northern District of California related to *In re California Gasoline Spot Market Antitrust Litigation*, 3:20-cv-03131-JSC (N.D. Cal.) ("*Gasoline*"). Bogard Construction, Inc., Asante Cleveland, Fricke-Parks Press, Inc., Justin Lardinois, Pacific Wine Distributors, Inc., Ritual Coffee Roasters, Inc. (collectively, "*Gasoline* Plaintiffs") and SK Energy Americas, Inc., and Vitol, Inc. (collectively, "*Gasoline* Defendants") ask this Court to compel nonparty Oil Price Information Service, LLC ("OPIS") to comply with the issued subpoenas. *Bogard Const., et al. v. Oil Price Info. Servs., LLC*, No. 21-cv-3005 (D. Md. Nov. 23, 2021), ECF No 1; *SK Energy Americas, Inc. et al., v. Oil Price Info. Servs., LLC*, No. 21-cv-

3193 (D. Md. Dec. 16, 2021), ECF No. 1.  OPIS moves to transfer the case to the federal district court that issued the subpoena pursuant to Federal Rule of Civil Procedure 45(f).  *Bogard Const.*, ECF Nos. 3, 20.  For the reasons stated below, the Court grants OPIS' motion and will transfer this matter to the Northern District of California.

**I.      Background**

*Gasoline* Plaintiffs are purchasers of gasoline who have filed a price setting and market manipulation class action in the Northern District of California ("California Action"), alleging that *Gasoline* Defendants have conspired to inflate artificially prices for gasoline traded on wholesale "spot markets."  *SK Energy Americas*, ECF Nos. 1-3 ¶ 2; 1-4 ¶¶ 1–10.  *Gasoline* Plaintiffs more particularly contend that the Defendants used an accidental explosion at a refinery in Torrance, California, as an artifice to negotiating large gasoline supply contracts at inflated rates.  *Id.*, ECF No. 1-4 ¶¶ 1–10.  The *Gasoline* Defendants purportedly entered into agreements with each other to manipulate prices, share the profits, and disguise each other's wrongdoing.  *Id.*

OPIS is a private oil and gas price-reporting service headquartered in Rockville, Maryland.  *Id.*, ECF No. 1-6.  OPIS "holds itself out as 'the most widely accepted price benchmark' for supply contracts."  *Id.*, ECF No. 1-4 ¶ 71.  OPIS obtains pricing information "directly from market participants," from which OPIS extracts "spot prices" through aggregating data reported on a daily basis.  *Id.* ¶¶ 71–77.  The daily price reports are "the industry pricing benchmark[s] used by both buyers and sellers in California" when contracting for the sale of gasoline.  *Id.* ¶ 71.  *Gasoline* Plaintiffs maintain that *Gasoline* Defendants manipulated OPIS' daily price publication by conducting internal "trades" between Defendant-companies to drive up the published prices in California from 2015 through 2017.  *Id.* ¶¶ 71–77.  This alleged scheme

has spawned much litigation, all of which has been consolidated into the action presently pending in the Northern District of California.  *See generally* California Action.

During the California Action, *Gasoline* Plaintiffs subpoenaed from OPIS documents which reflect sales data on gasoline trades in California as well as OPIS and *Gasoline* Defendants' communications during the relevant period.  *Bogard Const.*, ECF Nos. 1-3 ¶ 10; 1-6.  Likewise, *Gasoline* Defendants issued a similar document subpoena to OPIS.  *SK Energy Americas*, ECF No. 1-3 ¶¶ 5, 7, 11.  After much wrangling, OPIS has made clear that it would not produce records under either subpoena.  *Id.* ¶ 11; *Bogard Const.*, ECF No. 1-3 ¶ 12.

OPIS' refusal prompted *Gasoline* Plaintiffs to file a motion to compel OPIS' compliance pursuant to Rule 45 of the Federal Rules of Civil Procedure.  *Bogard Const.*, ECF No. 1. *Gasoline* Plaintiffs maintain the issue should be resolved here because it is "OPIS' home district."  *Id.*, ECF No. 17 at 7, n.1, 29–30.  *Gasoline* Defendants filed a separate Rule 45 motion to compel, and the Court has consolidated both actions.  *SK Energy Americas*, ECF Nos. 1; 6; 8; *Bogard Const.*, ECF No. 19.  In response, OPIS asks the Court to transfer the matter to the Northern District of California.  *Bogard Const.*, ECF Nos. 3, 20.  For the following reasons, the Court grants OPIS' motion to transfer.

## II.    Analysis

A party to litigation may subpoena documents of a nonparty pursuant to Federal Rule of Civil Procedure 45, and the subpoena shall issue from the district where the action is pending. Fed. R. Civ. P. 45(a)(2).  However, when the nonparty refuses to comply, the consequent motions are handled in the district where compliance is required.  Fed. R Civ. P. 45(d)(3)(A). That court may, in turn, transfer that motion to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P.

45(f).  The rule does not define what is meant by "exceptional circumstances," but the Advisory Committee notes discuss that transfer may be warranted to "avoid disrupting the issuing court's management of the underlying litigation," or where interests in the orderly management of the underlying matter "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion."  Fed. R. Civ. P. 45(f) advisory comm. notes, 2013 amend., subdiv. (f).

OPIS principally contends that because it consents to the transfer, this Court should grant the motion.  *Bogard Const.*, ECF No. 3-1 at 1–2.  Although the parties try mightily to complicate the analysis, it is straightforward.  Rule 45(f) states that this Court "may transfer a motion under this rule to the issuing court" upon consent of the nonparty.  *See* Fed. R. Civ. P. 45(f).  Given that that "[t]he prime concern" animating this rule is to avoid burdening "local nonparties subject to subpoenas," consent seems to obviate the need for such protections.  *See* Fed. R. Civ. P. 45, advisory comm. notes, 2013 amend., subdiv. (f); *see, e.g., In re Braden*, 344 F. Supp. 3d 83, 90 (D.D.C. 2018) (noting the "prime concern" with nonparty subpoenas is the burden on the nonparty).  This alone ends the matter.  *See, e.g., Hall v. Marriot Int'l Inc.*, No. 21-mc-80165-TSH,  2021 WL 3129598,  at *2 (N.D. Cal. July 23, 2021) ("Rule 45(f) presents no bar to transfer the motion to enforce compliance [with nonparty subpoena] back to the issuing court, and [the nonparty's] proactive consent to the transfer provides sufficient grounds for this Court to grant [the] motion to transfer."); *Mirza v. Yelp, Inc*., No. 21-mc-80077-TSH, 2021 WL 2939922, at *3 (N.D. Cal. July 13, 2021) ("Rule 45(f) nowhere contemplates that parties seeking a subpoena can or would object to transfer back to the court where they originally filed suit, since they had presumably chosen their preferred jurisdiction in the first instance. . . Rule 45(f) presents no bar whatsoever to the return of the matter to the Issuing Court where the

Subpoenaing Parties object to the transfer."); *SBA Comm. Corp. v. Fractus, S.A.*, No. 19 Misc. 130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019) (granting motion to transfer under 45(f) over objection of issuing party); *Youtoo Tech., LLC v. Twitter, Inc.*, No.17-mc-80006-JSC, 2017 WL 431751 (N.D. Cal. Feb. 1, 2017) (transferring motion to quash nonparty subpoena to the issuing district upon motion of the nonparty); *San Juan Cable LLC v. Dish Network, LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (transferring case upon motion of nonparty when "the requested transfer does not appear to be frivolous or made in bad faith.").

In response, both *Gasoline* Plaintiffs and Defendants argue that although the focus of Rule 45 is to protect the subpoenaed party from having to litigate any related dispute in a distant district, the rule should not be read to afford the subpoenaed party a "choice" of forum. *Bogard Const.*, ECF Nos. 17 at 29–30; 36 at 17–18. But the rule plainly affords the nonparty a modicum of choice; the nonparty may either litigate the motion in the compliance district or consent to litigation in the issuing district and seek transfer. OPIS has consented to transfer, and the Court sees no impediment to granting that request. *See* Fed. R. Civ. P. 45(f).

Alternatively, the Court finds that extraordinary circumstances support the transfer request. For one, the issuing court has presided over this especially complex matter for two years and so is far better suited to address the propriety of the subpoena. *See St. Clair Cnty., Ill. v. Trinity Highway Indust.*, No. 16-mc-91286-IT, 2016 WL 5346943, at *1 (D. Mass. Sept. 23, 2016) ("The court in the underlying action, which is already familiar with the issues in this case would be better suited to hear the motion to quash."). Second, OPIS seeks to quash the subpoena because, in its view, the issuing court lacks subject matter jurisdiction over the California Action. *Bogard Const.*, ECF No. 4-1 at 9–12. This contention cuts to the heart of the issuing court's

power to hear the case—a question best suited for the court whose jurisdiction is being challenged.  *Cf. Stafne v. Zilly*, 337 F. Supp. 3d 1079, 1091 (W.D. Wash. 2018) (quoting *Mullis v. United States Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987)) ("A court in a separate action, such as this one, lacks jurisdiction to issue what is 'in essence. . . a writ of mandamus' to another district court judge.'").  In this regard, allowing the issuing court to decide questions of its own subject matter jurisdiction preserves, rather than upends, the orderly administration of the case.  *See* Fed. R. Civ. P. 45(f) advisory comm. notes, 2013 amend., subdiv.(f) ("In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation.").  OPIS' motion is GRANTED.  A separate Order follows.


　　4/25/2022　　　　　　　　　　　　　　　　　　　　　　/S/　　　　　　　　　
Date                                                    Paula Xinis
                                                        United States District Judge